## Case No. 4,721.

### FELLOWS v. BURNAP.

[14 Blatchf. 63.][1]

Circuit Court, S. D. New York. Nov. 29, 1876.

George A. Black, for plaintiff.
William B. Hornblower, for defendant.

JOHNSON, Circuit Judge. This is a motion to dismiss the appeal of an alleged creditor of a bankrupt from a decision of the district court expunging his claim as against the joint estate of the bankrupts, but allowing it to stand as against their separate estates. The order embodying this decision was entered June 21st, 1876. Under the statute (Rev. St. § 4981), the creditor had ten days in which to take certain necessary steps in compliance with the requirements of that section, to effect an appeal. The statute is very specific and peremptory in regard to these steps. It says: "No appeal shall be allowed in any case from the district to the circuit court," unless three specified things are done within ten days after the entry of the decree or decision appealed from. In this case, each of these prescribed steps was taken within that time. The appeal was claimed and notice given to the assignee and to the clerk, and the requisite bond was given, approved and filed, within the ten days. If these steps are wanting, jurisdiction is not acquired by the circuit court. In re Coleman [Case No. 2,979]; Sedgwick v. Fridenberg [Id. 12,611]; Wood v. Bailey, 21 Wall. [88 U. S.] 640.

Sections 4982 and 4984 provide that the appeal so taken shall be entered at the next term of the circuit court for the district, held after the expiration of ten days from the time of claiming the appeal, and that, on so entering the appeal in the circuit court, the appellant must file in the clerk's office of that court a statement of his claim, substantially as in a declaration at law. No. 26 of the general orders in bankruptcy seems to

[1] [Reported by Hon. Samuel Blatchford, Circuit Judge, and here reprinted by permission.]

impose a narrower limit of time upon the appellant. It requires him to give notice of his intention to enter the appeal within ten days from the entry of the final decision of the district court, and to file his appeal in the clerk's office of the circuit court within ten days thereafter, setting forth a statement in writing of his claim, as prescribed by the law.

In this case, the bond was filed on the 24th of June, and the notice of appeal was given to the district clerk on the 26th of June, as sworn by the person who filed it, although the file mark on the original paper is June 24th. The appeal and statement required were filed in the clerk's office of the circuit court on the 6th of July, within ten days from the time of filing the notice of appeal, if that was filed on the 26th of June. But, whether it was or not is, in my opinion, not vital to the rights of the appellant. If there was a failure, it was not in a matter going to the jurisdiction of the court. The party, beyond all question, intended to proceed in time, and supposed himself to be in time. The office register showed the 26th as the day of filing the notice of appeal, and, counting from that day, the 6th of July was in time. Such a slip, if it be a slip, will, of course, be corrected. The excuse is sufficient to warrant relief, in any matter which does not go to the jurisdiction of the court. The motion to dismiss must be denied.